IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:12-CR-66-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| JESUS PINEDA, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. At the hearing, defendant presented no evidence. At the court's request, the government provided a brief proffer of the evidence supporting its case. For the reasons stated below, the government's motion is GRANTED.

## Background

Defendant was charged in a 5-count indictment on 23 May 2012 with: distribution of a quantity of cocaine on or about 25 January 2012 (ct. 1) and 8 February 2012 (ct. 4) in violation of 21 U.S.C. §841(a)(1); possession of a firearm in furtherance of a drug trafficking crime on or about 25 January 2012 (ct. 2) and 8 February 2012 (ct. 5) in violation of 18 U.S.C. § 924(c)(1); possession of a firearm (a sawed-off shotgun) that was not registered in the National Firearms Registration and Transfer Record on or about 25 January 2012 in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871(ct. 3). The government's proffer showed that the charges arise from several controlled purchases of cocaine from defendant.

## Discussion

Based on the charges in the indictment under 18 U.S.C. § 924(c) (cts. 2 and 5), the case is subject to the rebuttable presumption in 18 U.S.C. § 3142(e)(3). The court finds that defendant,

having presented no evidence, failed to rebut the presumption of detention. In accordance with this presumption, the court finds that there is no condition or combination of conditions that will reasonably assure the appearance of defendant as required and the safety of any other person or the community before trial.

**Conclusion**

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 27th day of June 2012.

James E. Gates
United States Magistrate Judge